IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| MARLENE R. LYLES,<br><br>Plaintiff,<br><br>vs.<br><br>NORTH AMERICAN DENTAL GROUP LLC,<br><br>Defendant, | 2:21-CV-00721-MJH |

OPINION AND ORDER

Plaintiff, Marlene Lyles, brings claims for violations of the Americans with Disabilities Act (Count I) and Breach of Contract (Count II) against her former employer, Defendant, North American Dental Group, LLC (NADG). (ECF No. 1). On August 9, 2021, Defendant moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. 12(b)(6) and Fed. R. Civ. P. 12(b)(1). (ECF No. 6). Under this Court's Standing Order and Procedures on Civil Motion Practice (ECF No. 3), any response to Defendant's Motion to Dismiss should have been filed on or before August 30, 2021. No response was filed by said date. On September 3, 2021, this Court ordered Ms. Lyles to Show Cause or otherwise respond to Defendant's Motion to Dismiss on or before September 10, 2021, or the Court would proceed to decide Defendant's Motion without Plaintiff's Response. (ECF No. 9). To date, Ms. Lyles has not filed a Response. Accordingly, the matter is now ripe for consideration.

Upon consideration of Ms. Lyles's Complaint (ECF No. 1), Defendant's Motion to Dismiss and its Brief in Support  (ECF Nos. 6 and 7), and for the following reasons, Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. 12(b)(6) and Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. 12(b)(1) will both be granted.

I.      Background

Ms. Lyles asserts two claims against her former employer, NADG.  First, she claims that NADG violated the Americans with Disabilities Act (ADA) by terminating her employment as a result of her alleged disability.  Second, she claims that NADG breached its contractual duty by terminating her employment without cause.

On or about November 28, 2018, Ms. Lyles began employment with NADG.  (ECF No. 1 at ¶ 4).  On her first day of employment, NADG gave Ms. Lyles a "team member handbook", which allegedly detailed the terms and conditions of her employment.  *Id*. at ¶ 5. After working for six months, on or about May 12, 2019, Ms. Lyles relocated to billing, which required substantial computer work and coding. *Id*. at ¶ 6-8.

Ms. Lyles allegedly suffers from a severe iron deficiency that requires infusion treatments. *Id*. at ¶ 9.  Because of her alleged iron deficiency, Ms. Lyles has lower energy levels, performs tasks at a slower rate than normal, and requires time off to recover from infusion treatments. *Id*. at ¶ 10. Ms. Lyles's alleged iron deficiency causes her to be cold and requires her to wear heavy clothing. *Id*. at ¶ 11.  However, NADG policy does not permit employees to wear hooded sweatshirts and/or hats at their workstation. *Id*. at ¶ 12.  The team member handbook states that workplace "offenses' are subject to progressive disciplinary action, with a listing of immediate suspension and/or termination offenses. *Id*. at ¶ 14.  Ms. Lyles alleges that her supervisor created a hostile work environment by consistently excluding her from meetings and by selectively enforcing the office policy against her by repeatedly telling her to remove her hat or hooded sweatshirt. *Id*. at ¶¶ 15-16.

Ms. Lyles also alleges that, on or about April 30, 2019, Ms. Lyles was given a verbal warning that she needed to "send less tasks to departments and ensure they were correct." *Id*. at ¶

18.     And, on June 3, 2019, without warning and without progressive disciplinary procedures, NADG terminated Ms. Lyles for "poor work performance." *Id*. at ¶ 19.

In its motion to dismiss, NADG argues that Ms. Lyles's Count I ADA claim should be dismissed because, for her disability discrimination claim, she failed to exhaust her administrative remedies before filing this claim in federal court.  In addition, NADG argues that, even if she had exhausted her administrative remedies, Ms. Lyles's disability discrimination claim must be dismissed because she fails to sufficiently plead that she suffers from a protected disability.  As regards her Count II Breach of Contract claim, NADG also moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  NADG argues that, in the absence of a viable ADA claim, this Court does not have supplemental jurisdiction over Ms. Lyles's state law claim.  In the alternative, NADG argues that Ms. Lyles's Breach of Contract claim fails as a matter of law, because the Complaint does not aver that NADG owed her any valid and enforceable contractual obligation.

II.     Standard of Review

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) (citations omitted). In deciding a motion to dismiss, the court "must accept the complaint's well-pleaded facts as true but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

III.     Discussion

    A.  ADA Claim-Count I

        1.  Failure to Exhaust Administrative Remedies

NADG argues that Ms. Lyles's disability discrimination claim must be dismissed because she failed to exhaust her administrative remedies. As indicated above, Ms. Lyles did not respond or otherwise file any opposition to NADG's motion.  In order to bring a claim for disability discrimination in the employment context, a plaintiff must pursue administrative remedies with the Equal Employment Opportunity Commission (EEOC) before filing a complaint in federal court. *See Itiowe v. NBC Universal Inc.*, 556 F. App'x 126, 128 (3d Cir. 2014) (citing *Churchill v. Star Enterprises*, 183 F.3d 184, 190 (3d Cir.1999)).  A plaintiff who brings an employment discrimination claim under the ADA must follow the administrative procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5. *See id.*; *see also* 42 U.S.C. § 12117(a) (adopting Title VII enforcement scheme and remedies for ADA). "That procedure begins when a charge is filed with the EEOC alleging that an employer has engaged in an unlawful employment practice." *Occidental Life Ins. Co. of California v. E.E.O.C.*, 432 U.S. 355, 359 (1977). Although failure to exhaust administrative remedies does not affect the district court's jurisdiction, non-exhaustion constitutes a ground for dismissal for failure to state a claim on which relief may be granted under Fed. R. Civ. Pro. 12(b)(6). *See Hornsby v. U.S. Postal Service*, 787 F.2d 87, 89 (3d Cir.1986)  *Itiowe*, 556 App'x at 128 (citing *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir.2000). In *Itiowe*, the Third Circuit upheld the district court's dismissal of the plaintiff's ADA claim where she failed to allege that she had exhausted her administrative remedies by filing a charge with the EEOC. 556 App'x at 128.

Here, as in *Itiowe*, Ms. Lyles fails to allege that she filed any claim with the EEOC or that she exhausted her administrative remedies before the EEOC in advance of filing her Complaint in federal court. Because Plaintiff has failed to exhaust her administrative remedies by filing a charge with the EEOC and receiving a right to sue letter, her disability discrimination claim cannot be maintained. Therefore, NADG's Motion to Dismiss Ms. Lyles's ADA claim, for failure to exhaust administrative remedies, will be granted. Count I will be dismissed. Because Ms. Lyles filed no opposition[1], the Court has no indication that any amendment could cure the defect for failure to exhaust administrative remedies. Accordingly, the Court will not grant leave to amend at this time.

2. ADA Substantive Challenge

Also, as regards the Count I, ADA claim, NADG contends that, even if Ms. Lyles had exhausted her administrative remedies, her Complaint fails to state a prima facie case of disability discrimination, because she fails to plead sufficient facts to support her conclusory allegation that she suffers from a disability. Because Ms. Lyles's failure to exhaust her administrative remedies is fatal to her Count I ADA claim, the Court need not address NADG's substantive arguments concerning the same.

---

[1] *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1992) (explaining that if a party represented by counsel fails to oppose a motion to dismiss, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis); *see also Tambasco v. United States Dept. of Army*, No. 17-1857, 2018 WL 1203466, at *2 (M.D. Pa. Mar. 8, 2018) (dismissing claims as unopposed when the plaintiff failed to respond to arguments made by the defendants in support of their motion to dismiss); *Sikkelee v. Precision Airmotive Corp.*, No. 07-886, 2011 WL 1344635, at *4 (M.D. Pa. Apr. 8, 2011) (dismissing claims as unopposed when the plaintiff failed to respond to arguments made by the defendants in support of their motion to dismiss); *Lada v. Delaware County Community College*, No. 08-4754, 2009 WL 3217183, at *10 (E.D. Pa. Sept. 30, 2009) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested.").

B.  Breach of Contract Claim-Count II

NADG next contends that, if the Court dismisses Plaintiff's ADA claim, it must also dismiss her Breach of Contract claim for lack of subject matter jurisdiction.

Under Federal Rule of Civil Procedure 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, because this Court will be dismissing Ms. Lyles's ADA claim, it has no basis for subject matter jurisdiction over her Breach of Contract claim. The Court does not have jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1331, because the claim arises under Pennsylvania contract law and not federal law. Further, the Court declines exercise supplemental jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1367, because, absent the ADA claim, the Plaintiff has asserted no other federal claim with which the breach of contract claim might share a common nucleus of operative facts. Finally, the Complaint does not assert any other alternative basis upon which this Court could exercise jurisdiction over the Breach of Contract claim.

Accordingly, NADG's Motion to Dismiss Ms. Lyles's Breach of Contract claim will be granted due to lack of subject matter jurisdiction.  Count II will be dismissed.  Ms. Lyles may re-file her Breach of Contract claim in a court with appropriate jurisdiction.

ORDER

Following consideration of the foregoing and for the reasons stated above, NADG's Motion to Dismiss is granted.   Ms. Lyles's Complaint is dismissed. Ms. Lyles may re-file her

Breach of Contract claim in a court of appropriate jurisdiction. No leave to amend is granted; however, Plaintiff may file a motion for leave to file an amended complaint within fourteen (14) days of the date of this order. Should no such motion be filed within said fourteen (14) days, the Clerk will mark this case closed.

DATED this 28th day of September, 2021.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge